```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                   )
CHRISTOPHER MAYNARD,               )
                                   )
                 Plaintiff,        )
                                   )
v.                                 )   Civil Action
                                   )   No. 18-12320-PBS
COMMONWEALTH OF MASSACHUSETTS,     )
MASSACHUSETTS BAY TRANSPORTATION   )
AUTHORITY, KENNETH GREEN, individually, )
and RICHARD SULLIVAN, individually,)
                                   )
                 Defendants.       )
_____)
```

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO STRIKE**

February 18, 2021

Saris, D.J.

**INTRODUCTION**

Defendants Massachusetts Bay Transportation Authority ("MBTA"); Kenneth Green ("Chief Green"), Chief of the MBTA Transit Police Department; and Richard Sullivan ("Supt. Sullivan"), Superintendent of the MBTA Transit Police Department (collectively, "Defendants") move to strike certain documents submitted by Lieutenant Christopher Maynard ("Lt. Maynard") in opposition to summary judgment. For the following reasons, the Court will **ALLOW** their motion in part and **DENY** it in part.

**DISCUSSION**

I.  **Exhibit A (Dkt. 47-1)**

Defendants first move to strike Exhibit A to the Affidavit of Mitchell Notis (the "Notis Affidavit").  Exhibit A is a charge of discrimination against Chief Green filed with the Massachusetts Commission Against Discrimination ("MCAD") by another MBTA officer.

Defendants ask the Court to strike Exhibit A because Lt. Maynard did not disclose the charge of discrimination as a basis for his race-based claims in his responses to their discovery requests.  The Court will **ALLOW** this portion of their motion. Although Lt. Maynard suggests that Defendants should have known that he would use this document to support his claim because he disclosed the filing officer as someone who "may have knowledge of the allegations in the complaint regarding the unfair treatment of Plaintiff, and improper actions of the Defendants" in his automatic disclosures,[1] Dkt. 52 at 2, Lt. Maynard does not deny that he failed to mention the charge of discrimination in his response to Defendants' explicit request for the "basis of [his] claim that [he was] terminated and/or disciplined due to racial discrimination" in their interrogatories.  Dkt. 42-16 at

---

[1] He does not argue, and the Court consequently does not consider, whether any failure to disclose was substantially justified or harmless.  See Fed. R. Civ. P. 37(c)(1).

2

4.  He thus cannot use this evidence to defeat summary judgment.[2] See Fed. R. Civ. P. 37(c)(1).

## II. Exhibit C (Dkt. 47-3)

Defendants next move to strike Exhibit C to the Notis Affidavit.  This exhibit contains excerpts from the arbitration hearing testimony of former MBTA Officer Sean McCarthy ("Officer McCarthy") in which he discloses certain pre-hearing statements made to him by Officer Smith.  Defendants move to strike on hearsay grounds.  The Court will **ALLOW** this portion of their motion.

Although Lt. Maynard argues that the exhibit is admissible under the residual exception of the Federal Rules of Evidence, the residual exception only allows a court to admit a statement not otherwise qualifying for a hearsay exception if, inter alia, the statement "is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts."  Fed. R. Evid. 807.  Lt. Maynard has not made the requisite showing here.  He merely asserts, without further elaboration, that the statements are "clearly" more probative than any other evidence, Dkt. 52 at 4, and the

---

[2] Even if the Court were to deny the motion to strike this evidence, however, the Court does not view the charge of discrimination as relevant to Lt. Maynard's racial discrimination claims.  The mere fact that Chief Green called another officer a racist does not, without more, indicate that Chief Green himself is a racist.

3

Court declines to find such a cursory assertion sufficient to meet a proponent's burden of establishing "rare[]" and "exceptional circumstances" warranting admissibility for the truth of the matter under the residual exception, <u>United States v. Awer</u>, 770 F.3d 83, 94 (1st Cir. 2014).

### III. Exhibit D (Dkt. 47-4)

Defendants last move to strike Exhibit D to the Notis Affidavit.  This exhibit contains an affidavit from former Lieutenant Stephen Salisbury ("Lt. Salisbury") relaying certain anti-union statements made to him by Supt. Sullivan.  Defendants move to strike on the grounds that Lt. Maynard did not previously disclose these statements as a basis for his union discrimination claim against Supt. Sullivan.  Lt. Maynard concedes that he failed to properly disclose the statements in his interrogatory responses, but he argues that good cause exists to excuse the failure because he only became aware of these statements while preparing his opposition to Defendants' Motions for Summary Judgment.

Under Federal Rule of Civil Procedure 37(c)(1), a party may not use evidence which he failed to disclose during discovery "unless the failure was substantially justified or is harmless." In assessing whether the proponent's failure to disclose or supplement the evidence was either "substantially justified" or "harmless," courts consider several factors, including:

> (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects — e.g., the surprise and prejudice associated with the late disclosure; and (5) the late disclosure's impact on the district court's docket.

<u>Esposito v. Home Depot U.S.A., Inc.</u>, 590 F.3d 72, 78 (1st Cir. 2009).

After weighing the relevant factors, the Court **DENIES** the motion to strike Exhibit D.  While Lt. Maynard has seemingly had ample time to locate potentially favorable witnesses, the Court finds the alleged statement sufficiently important and Lt. Maynard's explanation for the delay sufficiently plausible to justify the prior failure to disclose.  To minimize the effect of prejudice any use of this evidence may cause Defendants, however, the Court will allow Defendants the opportunity to depose Lt. Salisbury as to the contents of his affidavit.  The Court does not anticipate that reopening discovery for this limited purpose will have any impact on its docket or otherwise delay the scheduling of this case for trial.

## ORDER

For the reasons stated above, Defendants' motion to strike (Dkt. 48) is **ALLOWED IN PART** and **DENIED IN PART**.

SO ORDERED.

5

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge

6